**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

Danny Hill-Bey,

        Plaintiff,

        v.                        Case No. 1:16-CV-116 JVB

United States, et al.,

        Defendants.

**OPINION AND ORDER**

Plaintiff Danny Hill-Bey, a pro se prisoner, filed a complaint attempting to sue sixteen defendants for events which occurred on June 21, 2013. Hill-Bey alleges that he was arrested without probable cause, that excessive force was used, and that he was denied medical treatment. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

This is not the first time that Plaintiff has presented some of these claims against some of these defendants. *See Hill v. City of Marion*, 1:14-CV-288 (N.D. Ind. filed Sept. 19, 2014). That case is not over, therefore such claims are not barred by res judicata. Nevertheless, it is malicious

to sue the same defendants for the same events in two lawsuits. Therefore he cannot proceed on any claims which duplicate those previously raised. As for his other claims, they are untimely. Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009).

"Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation." *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). These claims arose on June 21, 2013. "*Wallace v. Kato*, 549 U.S. 384 (2007), holds that *Heck* does not affect litigation about police conduct in the investigation of a crime . . .." *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008). Thus the excessive force and medical treatment claims also arose on June 21, 2013. Indiana's two-year limitations period applies to this case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Therefore, the deadline for filing this lawsuit expired in June 22, 2015. However, Hill-Bey did not sign the complaint in this case until March 31, 2016. DE 1 at 11. Therefore any previously unasserted claims are untimely.

Though it is usually necessary to permit a pro se plaintiff to file an amended complaint, that is unnecessary where doing so would be futile. *Carpenter v. PNC Bank, Nat. Ass'n*, __ Fed. Appx. __, __; 2016 WL 412839, at *2 (7th Cir. 2016); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); and *Hukic v. Aurora Loan Servs*., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. Hill is already proceeding on his timely

claims in *Hill v. City of Marion* with counsel and it is not plausible that he has any other remaining claims that can be raised in a separate lawsuit.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it is frivolous and malicious.

SO ORDERED on April 8, 2016.


   s/ Joseph S. Van Bokkelen        
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE